**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| JASON JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-cv-00164-TWP-DML |
| | ) |
| DAVID MILLSPAUGH, JAMEY NOEL, | ) |
| Individually and in his official capacity as Clark | ) |
| County Sheriff, TERESA K. BRADY, | ) |
| LIFESPRING, INC., and CHARLESTOWN | ) |
| PRIMARY CARE, LLC, | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING MOTION TO CONSOLIDATE

This matter is before the Court on a Motion to Consolidate cases filed by Plaintiff Jason Jones ("Mr. Jones"). On July 26, 2019, Mr. Jones filed the instant civil rights case pursuant to 42 U.S.C. § 1983 alleging that the David Millspaugh ("Nurse Millspaugh"), Jamey Noel, ("Sheriff Noel"), Teresa K. Brady, Lifespring, Inc., and Charlestown Primary Care, LLC, (collectively the Defendants) acted unreasonably in response to his serious medical needs. In particular, Mr. Jones argues that during a 5-day detention in the Clark County Jail ("the Jail"), the Defendants implemented and maintained a policy of medical care that is objectively unreasonable in serving the needs of pretrial detainees at the Jail. (Dkt. 1.) On February 2, 2021, Mr. Jones filed a new action, *Jason Jones v. Cecilia Thomas, Mary Miller, Katie Harrod, Rebecca Redden, Eric Galloway, William Rice, Rusty Jones, Retha Boley, Tyler Dalfonso, Jamey Noel, in his official capacity as Clark County Sheriff, Erica Stoffregen, Rebecca Bower, R. Beals, E. Helton, Alex Billings, Zach Brown, Carol McCollum, Kristopher Harrod, and Matthew Lemme,* Case No. 4:21-cv-00020-JMS-DML, ("*Jones v. Thomas*"), asserting civil rights claims arising under the same detention at issue in this case. Sheriff Noel (the only party named as a defendant in both cases)

and Nurse Millspaugh, oppose the motion. (Dkt. 100.) The other Defendants have not filed a response to the Motion to Consolidate. For the following reasons, the Motion to Consolidate, (Dkt. 99), is **denied.**

## I. THE TWO COMPLAINTS

The two complaints arise from the same factual circumstances. Mr. Jones was arrested on February 2, 2019, and during booking at the Jail he reported that he suffered from chronic illnesses. From February 2 to February 7, 2019, when he was taken to the hospital, Mr. Jones interacted with jail staff, mental health staff, and medical staff while his health allegedly deteriorated.

In his complaint in this action, Mr. Jones alleges that Sheriff Noel, Nurse Millspaugh, social worker Teresa Brady, medical care provider Clarksville Primary Care, LLC, and mental health care provider Lifespring, Inc., failed to provide adequate medical care to him through their individual actions or due to unconstitutional policies or practices. (*See* Dkt. 1.)

In *Jones v. Thomas*, Mr. Jones alleges constitutional deprivations by employees of the Jail related to the conditions of his confinement and a policy claim that Sheriff Noel allowed inmates to be housed under inhumane conditions, understaffed the Jail, and failed to adequately train his employees. Mr. Jones contends that he was unaware of the claims against the Defendants in the second suit until discovery in this action was underway.

Discovery in this action closed on March 8, 2021 (ten days after Mr. Jones filed his reply), the dispositive motions deadline is April 8, 2021, and this matter is scheduled for a final pretrial conference on August 18, 2021 and trial on September 13, 2021. *Jones v. Thomas* is a brand new case in which service has not yet been accomplished, no answers to the Complaint have been served, and no initial disclosures have been served.

## II. DISCUSSION

Federal Rule of Civil Procedure 42(a)(2) allows the court to consolidate actions if they "involve a common question of law or fact." Consolidation is permitted as a matter of convenience and economy for both parties and the court. *Hall v. Hall*, 138 S. Ct. 1118, 1126 (2018). "By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999).

In opposing the Motion to Consolidate, Sheriff Noel and Nurse Millspaugh argue that the Defendants in this case will be prejudiced because the two cases are in different stages of trial readiness. (Dkt. 100 at 3.) The current action has been pending for a year and a half during which thousands of pages of documents have been exchanged between Jones and the various defendants, numerous depositions have been completed and a summary judgment ruling was recently issued. (Dkt. 98.) In addition, the present action's case management deadline for filing an amended complaint has expired. (Dkt. 100 at 4.) They argue consolidation would prejudice the Defendants in the instant action by delaying the case management deadlines and would prejudice the defendants in *Jones v. Thomas* by requiring them to complete discovery and prepare dispositive motions by April 8, 2021.

In response to Jones' contention that he was unaware of the claims against the defendants in *Jones v. Thomas*, Sheriff and Nurse Millspaugh assert that Jones –

> ignores that the identity of the individual officers on duty while Jones was incarcerated was disclosed as early as November 18, 2019 in Defendant's Initial Disclosures and as late as February 28, 2020 in Defendant Sheriff Jamey Noel's Answers to Plaintiff's First Set of Interrogatories. [See Exhibit A and B, respectively]. Further, the Plaintiff deposed Cecelia Thomas, a defendant in the Jones v. Thomas matter, on November 9, 2020 in the instant action, but yet did not seek to file his claim against her for another 3 months.

(Dkt. 100 at 5.)

In his reply, Mr. Jones agrees that subjecting the new defendants to the upcoming and expired deadlines in this case would be unfair. However, he asserts the economical solution to this potentiality is to enter a new case management plan that includes a short discovery period and new filing deadlines.

When determining whether it would be appropriate to consolidate two cases, a "significant factor" is the "state of case preparation and discovery in each action." *See* 8 James W. Moore, Moore's Federal Practice § 42.10[5][b] (3d. ed. 2006). After all, consolidation will cause "delay" when "there is a considerable difference in trial readiness. The Court recognizes that "the fact that the actions are at different stages of trial preparation does not preclude consolidation automatically.'" *Miller Brewing Co. v. Meal Co.*, 177 F.R.D. 642, 644 (E.D. Wis. 1998) (quoting 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and, Procedure* § 2383). However, under the circumstances presented in this case, the Court finds that the benefits of consolidation are outweighed by the concerns noted by Sheriff Noel and Nurse Millspaugh. The risk of inconsistent rulings on discovery is minimal because the same Magistrate Judge is assigned on both cases. Had Jones filed such a motion earlier in these proceedings, consolidation might be appropriate. Despite any common question of law or fact between the two cases, the Court does not believe significant judicial resources will be saved by consolidating Case No. 4:21-cv-00020-JMS-DML **into** Case No. 4:19-cv-00164-TWP-DML. Accordingly, the Motion is **denied**.

### III.   CONCLUSION

For the reasons stated above, the Motion to Consolidate, (Dkt. 99), is **DENIED**.

**SO ORDERED.**

Date:  3/11/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

4

DISTRIBUTION:

Laura Elizabeth Landenwich
ADAMS LANDEWICH WALTON, PLLC
laura@justiceky.com

Katherine Elizabeth Tapp
KIGHTLINGER & GRAY LLP
ktapp@k-glaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP  (New Albany)
jlowe@k-glaw.com

Ashley Roncevic
HOLLINGSWORTH ROBERT MEANS, LLC
aroncevic@hrmlaw.com

Jaime L. Meyer
HOLLINGSWORTH ROBERT MEANS, LLC
jmeyer@hrmlaw.com

Jeffrey D. Roberts
HOLLINGSWORTH ROBERT MEANS, LLC
jroberts@hrmlaw.com

Nicholas J. Davis
O'BRYAN BROWN & TONER
davisn@obtlaw.com

Tracy S. Prewitt
O'BRYAN BROWN & TONER
tprewitt@obtlaw.com